1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                         NORTHERN DISTRICT OF CALIFORNIA

7

8    GEORGE GONZALEZ,                           No. C 05-2510 SI (pr)

9              Petitioner,                       **ORDER OF DISMISSAL**

10         v.

11   A. P. KANE, warden,

12              Respondent.

13   _____/

14

15        George Gonzalez, a prisoner at the Correctional Training Facility in Soledad, filed this

16   action for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a disciplinary decision

17   that resulted in a loss of time credits.  The court issued an order to show cause why the writ

18   should not be granted on a due process claim based on insufficiency of the evidence to support

19   the disciplinary decision and dismissed two other claims.  Respondent filed an answer and

20   petitioner filed a traverse.  Respondent argued in his answer that state court remedies were not

21   exhausted for the claim in the petition, the claim was procedurally defaulted, and the claim was

22   meritless.[1]  The court only reaches the exhaustion issue because it proves fatal to the action.

23

24

25   _____

26        [1]Throughout this order the court treats the petition as though it contains a single claim, which
     is the practical reality because the only claim that could support federal habeas relief is the due process
27   claim based on the insufficiency of the evidence.  The existence of only one claim that could be the
     source of relief in federal habeas means that the petition is not a mixed petition (i.e., one containing both
28   exhausted and unexhausted claims) even though it originally contained two additional claims that may
     have been presented to the California Supreme Court but are not cognizable in a federal habeas action.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1      The exhaustion rule requires that a prisoner in state custody who wishes to challenge

2  collaterally in federal habeas proceedings either the fact or length of his confinement must first

3  exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by

4  presenting the highest state court available with a fair opportunity to rule on the merits of each

5  and every claim he seeks to raise in federal court. <u>See</u> 28 U.S.C. § 2254(b),(c); <u>Rose v. Lundy</u>,

6  455 U.S. 509, 515-16 (1982); <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981).  The exhaustion-of-

7  state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial

8  "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" <u>Picard</u>

9  <u>v. Connor</u>, 404 U.S. 270, 275 (1971) (citations omitted).  To exhaust, it is not sufficient to raise

10  only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts"

11  must be brought to the attention of the state court.  <u>See</u> <u>id.</u> at 277.  The state's highest court must

12  be alerted to the fact that the prisoner is asserting claims under the United States Constitution

13  in order to be given the opportunity to correct alleged violations of federal rights.  <u>Duncan v.</u>

14  <u>Henry</u>, 513 U.S. 364, 365-66 (1995); <u>see, e.g.</u>, <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996)

15  (characterizing <u>Picard</u> as requiring "reference to a specific federal constitutional guarantee" in

16  state court; presentation of facts underlying claim not sufficient); <u>Fields v. Waddington</u>, 401 F.3d

17  1018, 1021 (9th Cir.), <u>cert. denied</u>, 126 S. Ct. 738 (2005) (general reference to federal

18  Constitution "as a whole, without specifying an applicable provision, or an underlying federal

19  legal theory, does not suffice to exhaust the federal claim."); <u>Hiivala v. Wood</u>, 195 F.3d 1098,

20  1106-07 (9th Cir. 1999) (insufficiency of the evidence claim not mentioning Due Process

21  Clause, the 14th Amendment or federal case law did not fairly present the issue to state court).

22      The court has compared Gonzalez's federal petition with his petition for writ of habeas

23  corpus filed in the California Supreme Court, and concludes that the due process claim was not

24  fairly presented to the California Supreme Court.  <u>See</u> Petition exhibits, pp. 45-54.  The petition

25  for writ of habeas corpus filed in the California Supreme Court simply did not mention the Due

26  Process Clause of the Fourteenth Amendment to the U.S. Constitution.  Indeed, one must strain

27  to find even the factual basis for the insufficiency of the evidence claim in that petition.  The

28  petition in the California Supreme Court did not fairly present the claim and therefore did not

exhaust the claim.  A remedy remains available for Gonzalez: he may file a new habeas petition in the California Supreme Court asserting his due process claim.  Even if the procedural default doctrine applies in the context of a habeas challenge to a disciplinary decision -- an issue the court need not decide today -- this court will not jump ahead and predetermine that the California Supreme Court will reject Gonzalez's due process claim for a procedural reason when it sees that claim for the first time.

Having determined that the exhaustion requirement has not been satisfied, the court's options are limited by statute and case law.  The court may deny, but not grant, relief on a habeas petition that presents an unexhausted claim.  See 28 U.S.C. § 2254(b)(1).  However, the district court can deny an unexhausted claim "only when it is perfectly clear that the applicant does not raise even a colorable federal claim."  Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005), cert. denied, 126 S. Ct. 1336 (2006).   This court cannot say that Gonzalez's due process claim is not even colorable, although it appears unlikely that he will prevail on the merits of it.  The court therefore cannot reach the merits of the claim:  granting relief is precluded by § 2254(b)(1) and denying relief on the merits is precluded by Cassett.

The petition must be dismissed because state court remedies have not been exhausted for the only claim in it.  See Rose v. Lundy, 455 U.S. at 510.  This dismissal is without prejudice to Gonzalez filing a new petition after he exhausts state court remedies as to each claim contained in his new petition.  Because this action is being dismissed today, Gonzalez cannot file an amended petition in this action but instead must file a new petition and a new case number will be assigned it when he returns after exhausting in state court.  Gonzalez is urged to act promptly to present his claims to state court and then promptly return to this court to file any new action to avoid being barred by the one-year statute of limitations for federal habeas actions in 28 U.S.C. § 2244(d).  The clerk shall close the file.

IT IS SO ORDERED.

Dated:  April 27, 2006

SUSAN ILLSTON
United States District Judge